UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WAYNE LAFOUNTAIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-264 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| _____ | ) | |

      This habeas corpus proceeding is before the court on petitioner's objections to the report and recommendation of the magistrate judge. Petitioner does not challenge his criminal conviction but attacks a major misconduct finding that led to the loss of good-time credits. An administrative law judge of the Department of Corrections made the misconduct finding in October 2004, determining that petitioner had disobeyed a direct order in entering the law library without a pass and for being out of place. The Muskegon County Circuit Court reviewed the misconduct finding in a written opinion issued February 15, 2006, finding no violation of petitioner's rights guaranteed by federal or state law. Thereafter, the Michigan appellate courts denied discretionary review.

      This habeas corpus action followed. Acting pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts, the magistrate judge issued a 17-page report and recommendation, analyzing each of petitioner's federal challenges to the misconduct findings. Petitioner has filed timely objections, which this court reviews *de novo*. 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  Upon *de novo* review, the court finds that petitioner has failed to establish grounds for habeas corpus relief.

When a prison disciplinary proceeding results in the forfeiture of good time, the Due Process Clause of the Fourteenth Amendment requires that prison officials afford certain minimal procedural rights to the prisoner.  These procedural rights, which are far less extensive than those required in a criminal trial, were first outlined by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  In *Wolff*, the Court recognized a prisoner's right to at least twenty-four hours' advance written notice of the charges before a hearing, a limited opportunity to call witnesses and present documentary evidence in defense, and a written statement of the evidence relied upon by the disciplinary authority. 418 U.S. at 563-69.  Subsequently, the Court determined that guilty findings of a prison disciplinary factfinder must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).  On habeas corpus review of a prison disciplinary finding, the federal district court is essentially limited to these clearly established holdings of the United States Supreme Court in determining whether a petitioner has been afforded due process of law. 28 U.S.C. § 2254(d).  Furthermore, as the Muskegon County Circuit Court made detailed rulings on petitioner's federal claims, this court may not review those claims *de novo*. Rather, the court is limited to determining whether the state decision was contrary to, or represents an unreasonable application of, clearly established Supreme Court authority.  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The report and recommendation of the magistrate judge faithfully adhered to these legal principles in reviewing petitioner's misconduct conviction.  Petitioner, by contrast, seeks to retry his disciplinary conviction, presenting an amalgamation of federal claims, state-law claims, and

factual argumentation. Petitioner has not raised any substantial reason to believe that he was denied the procedural protections afforded by *Wolff v. McDonnell*, nor has petitioner demonstrated that his conviction was not supported by "some evidence" as required by *Hill*. Rather, petitioner in essence argues that he should have been granted all of the rights attendant to a criminal proceeding and, further, wishes this court to redetermine the factual findings made by the professional hearing officer who, pursuant to Michigan law, must be a licensed attorney. The limited scope of habeas corpus review does not authorize the sweeping intrusion into state prison disciplinary proceedings that petitioner now advocates.

Upon *de novo* review of the record, the court concludes that the decision of the Muskegon County Circuit Court to uphold petitioner's prison misconduct conviction was not contrary to or an unreasonable application of clearly established Supreme Court authority. Petitioner's objections will therefore be overruled, the report and recommendation of the magistrate judge will be adopted, and the petition will be summarily dismissed. Furthermore, the court will deny the issuance of a certificate of appealability, petitioner having failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Date:   June 12, 2007                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE